UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, REYNALDO GUEVARA, GERI LYNN YANOW, as Special Representative for Ernest Halvorsen, STEPHEN GAWRYS, and ANTONY RICCIO,<br><br>Defendants. | No. 23-cv-2441<br><br>Judge Thomas M. Durkin |
| MARILYN MULERO,<br><br>Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, GERI LYNN YANOW, as Special Representative for the Estate of Ernest Halvorsen, STEPHEN GAWRYS, ANTHONY RICCIO, ROBERT BIEBEL, and CITY OF CHICAGO, a municipal corporation,<br><br>Defendants. | No. 23-cv-4795<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Madeline Mendoza and Marilyn Mulero have brought lawsuits against the above-captioned Defendants in connection with Plaintiffs' wrongful convictions. Defendants bring a partial motion to dismiss. R. 52. For the following reasons, Defendants' motion is denied.

1

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, the complaint must provide the defendant with "fair notice" of the claim and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

On May 12, 1992, Plaintiffs were with Jackie Montanez when Montanez fatally shot Hector Reyes and Jimmy Cruz. R. 26 ¶¶ 13–14; D. 1 ¶¶ 32–33.[1] Though they were both present, Plaintiffs allege that they had no prior knowledge of a plan to kill Reyes and Cruz and that they did not participate in the shootings in any way. R. 26 ¶ 15; D. 1 ¶34.

---

[1] Any citation to R. [Number] refers to a document on the Mendoza docket. Any citation to D. [Number] refers to a document on the Mulero docket.

2

Chicago Police Detectives Reynaldo Guevara and Ernest Halvorsen were assigned to investigate the shootings. R. 26 ¶ 16; D. 1 ¶ 35. Plaintiffs allege that Guevara and Halvorsen fabricated evidence, including witness statements and police reports, to implicate Plaintiffs in the crime. R. 26 ¶¶ 17–20; D. 1 ¶ 60. As a result, Plaintiffs were charged with murder, and they both pleaded guilty. R. 26 ¶¶ 23–25; D. 1. ¶¶ 99–102.

Regarding Mendoza's guilty plea, Mendoza alleges that she "knew it would be impossible to prove that the individual officers had concocted the evidence against her" and, "[a]ccordingly, even though [Mendoza] was innocent, she pleaded guilty." R. 26 ¶¶ 24–25. Regarding Mulero's guilty plea, Mulero alleges that her guilty plea was "involuntary" and that it was "a direct result of the individual Police Officer Defendants' misconduct, including Guevara and Halvorsen coercing her into a false confession." D. 1 ¶102.

Plaintiffs both served time in prison. R. 26 ¶ 26; D. 1 ¶ 15. Mendoza was exonerated on January 3, 2023. R. 26 ¶ 29. Mulero was exonerated on August 9, 2022. D. 1 ¶ 15. Following exoneration, Plaintiffs filed these lawsuits alleging, *inter alia*, that Defendants violated their due process rights by fabricating false evidence. R. 26 ¶ 49; D. 1 ¶¶ 133–139. Defendants move to dismiss, R. 52, and raise two arguments. First, that Plaintiffs' fabrication of evidence claims must be dismissed because their cases never went to trial. *Id.* at pp. 5–9. Second, that Mendoza's claims must be dismissed because she failed to allege that her guilty plea was involuntary. *Id.* at pp. 9–14.

**Discussion**

I.  **Fabrication of Evidence**

Plaintiffs bring section 1983 claims that Defendants fabricated evidence in violation of their due process rights. R. 26 ¶ 49; D. 1 ¶¶ 133–139. Defendants contend that Plaintiffs fail to allege a due process violation because they pleaded guilty instead of proceeding to trial. R. 52 at pp. 5–9. Defendants' position is incorrect. Although the Seventh Circuit has not specifically addressed this issue, *see In re Watts Coordinated Pretrial Proc.*, 2022 WL 9468206, at *4 (N.D. Ill. Oct. 14, 2022) (finding no Seventh Circuit authority "that directly addresses [this] question"), a review of Seventh Circuit and Northern District jurisprudence compels the conclusion that a criminal defendant's due process rights are violated when fabricated evidence is used to convince a criminal defendant to enter a guilty plea.

*Whitlock* is a helpful starting point. In *Whitlock*, the Seventh Circuit explained: "We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty *in some way*." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) (emphasis added). Though *Whitlock* addressed fabricated evidence that had been used at trial, *Whitlock* did not limit evidence-fabrication claims to trials and the holding extended broadly to fabricated evidence used "in some way" to deprive a criminal defendant of her liberty. *Id.* Indeed, following *Whitlock*, Northern District courts allowed evidence-fabrication claims to proceed where the criminal defendant entered a guilty plea based on fabricated evidence. *See, e.g.*,

4

*Alvarado v. Hudak*, 2015 WL 9489912, at *3 (N.D. Ill. Dec. 30, 2015); *Sumling v. Vill. of E. Dundee*, 2015 WL 5545294, at *5 (N.D. Ill. Sept. 18, 2015).

Following *Whitlock*, the Seventh Circuit addressed fabrication of evidence in *Fields* and *Avery*. *Fields* requires that fabricated evidence was "used against the defendant." *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) ("For if the evidence hadn't been used against the defendant, he would not have been harmed by it."). If the case went to trial, this means that the evidence must have been "introduc[ed]." *Id.* In *Avery*, for this reason, the "due-process violation wasn't complete until the [fabricated evidence] was introduced at Avery's trial, resulting in his conviction." *Avery v. City of Milwaukee*, 847 F.3d 433, 442 (7th Cir. 2017). The "main takeaway from *Avery* and *Fields* is not that a trial was required to sustain the claim, but rather that the fabricated evidence had to be considered at the trial that resulted in the accused's conviction in order for harm to occur." *In re Watts*, 2022 WL 9468206 at *7. In sum, *Fields* and *Avery* require that the fabricated evidence was used against the defendant to result in a conviction, and this reasoning applies whether the fabricated evidence was introduced at trial or relied upon to elicit a guilty plea. Indeed, in the wake of *Fields* and *Avery*, Northern District courts consistently found that a criminal defendant's due process rights were violated when fabricated evidence was used to elicit a guilty plea. *See, e.g., Carter v. City of Chicago*, 2018 WL 1726421, at *5 (N.D. Ill. Apr. 10, 2018) (citations omitted) ("The due process violation . . . caused by fabricated evidence results from its use to secure the defendant's conviction, not from its use at trial. [Fabricated evidence] cause[s] the

5

injury insofar as it influences the criminal defendant's decision to take the plea."); *White v. City of Chicago*, 2018 WL 1702950, at *3 (N.D. Ill. Mar. 31, 2018) (citations omitted) ("How the fabricated evidence came into play is not as critical to establish the constitutional violation as the fact that the fabricated evidence was a direct cause of [the] conviction. In light of [the plaintiff's] consistent claims . . . that he felt compelled to admit guilt because of the fabricated evidence, the connection between the fabricated evidence and [the] conviction is clear.").

Following *Fields* and *Avery*, the Seventh Circuit addressed fabrication of evidence in *Patrick*. In *Patrick*, plaintiff Deon Patrick brought section 1983 claims against the City of Chicago and certain police officers alleging fabrication of evidence. *Patrick v. City of Chicago*, 974 F.3d 824, 830 (7th Cir. 2020). Defendants appealed the verdict and challenged the jury instructions. *Id.* at 830–31. The district court had instructed the jury that, to prevail on the evidence-fabrication claim, Patrick must prove: 1) the defendant "knowingly fabricated" false evidence; 2) the evidence was "used to deprive [Patrick] of his liberty in some way"; and 3) the fabricated evidence "proximately caused" Patrick to be damaged. *Id.* at 835. The Seventh Circuit found the instruction "incomplete in that it failed to explain that Patrick had the burden to prove that the fabricated evidence was used against him at his criminal trial and was material." *Id.* In this case, Defendants seize on the language, *at his criminal trial*, and argue that *Patrick* requires a trial. R. 52 at 7. But Defendants read *Patrick* out of context. The Seventh Circuit rejected the original instruction because it was inconsistent with Pattern Instruction 7.14 which requires: 1) the defendant

6

"knowingly fabricated evidence" that was introduced against the plaintiff "at his criminal trial" or "in his criminal case"; 2) the "evidence was material"; and 3) the plaintiff was "damaged as a result." 7th Cir. Pattern Jury Instr. Civil 7.14. The instruction allows two options: that fabricated evidence was used "at [the] criminal trial" or "in [the] criminal case." *Id*. While pattern instructions are not binding, they are a "helpful starting point." *See Reyes v. United States*, 998 F.3d 753, 758 (7th Cir. 2021). The Seventh Circuit did not—and did not need to—opine on the option "in [the] criminal case", since the clearly applicable option was "at [the] criminal trial." While the Seventh Circuit endorsed one option in Pattern Instruction 7.14, it did not reject the other, nor did it reject the line of Northern District cases allowing evidence-fabrication claims to proceed in cases involving guilty pleas. *See* 974 F.3d at 835. The Court thus does not read *Patrick* to stand for the proposition that evidence-fabrication claims require a trial so long as the evidence was used "in [the] criminal case."

Following *Patrick*, this issue was addressed by the district court in *Watts*. Analyzing *Patrick*, the *Watts* court concluded that a criminal defendant may raise an evidence-fabrication claim when the "fabricated evidence is used to coerce the defendant to plead guilty." 2022 WL 9468206 at *7. Also following *Patrick*, the Seventh Circuit addressed evidence fabrication in *Moran*. *Moran* applied *Whitlock* and *Patrick* but did not change the substantive law. *See Moran v. Calumet City*, 54 F.4th 483, 498 (7th Cir. 2022) (denying evidence-fabrication claim because plaintiff "cannot establish that the allegedly fabricated evidence was material").

7

A fair reading of Seventh Circuit jurisprudence, from *Whitlock* to *Moran*, reveals that "the due process violation occurs once the material fabricated evidence is introduced 'in some way' . . . that results in the criminal defendant's conviction and ultimately deprives him of his liberty." *In re Watts*, 2022 WL 9468206 at *7. One way, but not the only way, is through a conviction following a trial. Another way is when the fabricated evidence is used to elicit a guilty plea. "Any reading to the contrary would reward egregious deliberate misconduct from state actors by making conviction following trial the only pathway to vindicate constitutional violations." *Id.* That would be a perverse result that would not allow plaintiffs to show that they entered a guilty plea because of fabricated evidence. Plaintiffs' complaints plausibly allege that the fabricated evidence influenced or caused Plaintiffs to plead guilty. Discovery will show whether the fabricated evidence was material in causing Plaintiffs to enter guilty pleas. Plaintiffs may bring section 1983 claims that Defendants fabricated evidence in violation of the Due Process Clause.

## II.   Mendoza's Guilty Plea

The Court addresses the narrow issue of whether Mendoza sufficiently alleged an involuntary guilty plea.[2] Defendants concede that Mulero alleged an involuntary guilty plea but argue that Mendoza did not. R. 52 at p. 10. Defendants further concede

---

[2] Defendants argue that where a guilty plea is voluntary and knowing, it breaks the causal chain between constitutional violations that precede the plea and injuries suffered from conviction and imprisonment. R. 52 at 10 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Plaintiffs argue that guilty pleas do not break the causal chain in this case. R. 54 at 11–12 (citing *United States v. Thompson*, 89 F.4th 1010, 1022 (7th Cir. 2024)). The Court need not reach this issue, however, because Mendoza sufficiently alleged an involuntary plea.

8

that Mendoza's complaint would survive the motion to dismiss if it contained a "causal allegation" that the "allegedly fabricated nature of the evidence caused Mendoza to plea without knowledge or voluntariness." R. 55 at p. 4. And her complaint contains exactly that. Mendoza first alleges that she "knew it would be impossible to prove that the individual officers had concocted the evidence against her." R. 26 ¶ 24. She then alleges: "Accordingly, even though [she] was innocent, she pleaded guilty." *Id.* ¶ 25. Defendants argue that while Mulero used the word "involuntary," Mendoza did not. R. 52 at p. 10. Defendants are technically correct as to Mendoza's word choice, but "there are no magic words required to survive a motion to dismiss." *McDorman v. Smith*, 2006 WL 2355574, at *5 (N.D. Ill. Aug. 11, 2006). Defendants disregard the fact that Mendoza used other words such as "accordingly" and "even though" and that these words link the cause of her guilty plea to the fabricated evidence. At a minimum, the allegations are sufficient for the Court, drawing all reasonable inferences in Mendoza's favor, to reasonably infer that Mendoza felt compelled to plead guilty because of the fabricated evidence. In other words, Mendoza plausibly alleges that her plea was involuntary.

## Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 8, 2024

9