**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MADELINE MENDOZA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 23-cv-2441 |
| -vs- | ) | |
| | ) | *(Judge Durkin)* |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | *(Magistrate Judge Kim)* |
| *Defendants*. | ) | |
| MARILYN MULERO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 23-cv-4795 |
| -vs- | ) | |
| | ) | *(Judge Durkin)* |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | *(Magistrate Judge Kim)* |
| *Defendants*. | ) | |

**JOINT STATUS REPORT**

The parties, by counsel, submit this joint status pursuant to the Court's Orders of June 11, 2026, and July 20, 2026:

The Court's Order of June 11, 2026 states: "Plaintiffs are directed to confer with Defendants on the Rule 404(b) discovery they say they still require by July 9, 2026, and file a status report by July 16, 2026, advising the court any issues this court must resolve related to such non-Monell fact discovery." (ECF No. 190.) On July 20, 2026, the Court extended the deadline for filing the status report to August 3, 2026. (ECF No. 194.)

**Plaintiffs' Position**

Plaintiffs' do not require additional Rule 404(b) discovery. Plaintiffs disclosed 404(b) witnesses in their complaints and in Rule 26(a)(1) disclosures. Each of these witnesses is well-known to

defendants: Each is a plaintiff in a case that has been or is being litigated in this district involving allegations of misconduct by defendant Guevara and officers who worked with him. Defendants' suggestion that they are unfamiliar with the testimony to be offered by these witnesses is farcical.

Plaintiffs recognized that defendants have a different position on the disclosure of these witnesses. Therefore, on July 8, 2026, plaintiffs proposed avoiding litigation on this issue by entering into a stipulation similar to the one the City of Chicago has proposed in other cases: the parties would agree on a list of a reasonable number of 404(b) witnesses and further agree that the deposition of those witnesses, as already taken in other federal cases involving allegations against Guevara is all the discovery required from those witnesses, and that in turn, the evidence plaintiffs seek to adduce at trial would by similarly limited.

The parties conferred about this proposal, and on July 24, 2026, plaintiffs shared a formal draft stipulation. Defendants did not provide their position on the proposal until about 3:30 p.m. on August 3, 2026, when they shared the position statement that appears below.

It is plain that the parties are unable to resolve this dispute without court intervention. This issue will be resolved in pretrial motion practice.

**Defendants' Position**

Defendants object to the untimely disclosure and discovery into alleged "other bad acts" evidence under Fed. R. Evid. 404(b) including but not limited to the 22 individuals listed in Plaintiffs' proposed stipulation. None of these witnesses were disclosed in either Plaintiff's Fed. R. Civ. P. 26(a) disclosures in this case and it is far too late to do so now.[1] Moreover, the proposed stipulation provided by Plaintiffs similarly do not provide the information required for disclosure under Fed. R. Civ. P.

[1] Defendants have reviewed Plaintiffs' 26a disclosures and none of these witnesses appear in either. To the extent that Plaintiffs are attempting to claim (with no support) that allegations in a complaint about prior alleged misconduct somehow eliminates their duty to disclose witnesses in discovery, Defendants disagree.

26(a). Thus, even now, Defendants still remain unclear as to exactly what Plaintiffs seek to potentially introduce into evidence in this case. Simply stated, it is too late and too prejudicial to allow the disclosure of 22 individuals from 15 different cases, each of with dozens of counter-witnesses which will also need to be disclosed and thousands of pages of relevant documentary discovery.

In the event this Court permits such disclosures and discovery at this stage, Defendants will need additional discovery. Defendants will need to make counter-designations of opposing witnesses for each of the 22 witnesses listed by Plaintiffs in their proposed stipulation (i.e. disclosing third party witnesses such as Assistant State's Attorneys, witnesses, non-defendant police officers, disclosing experts as necessary from these underlying cases, etc.) and designate appropriate documents relevant to such cases.

Defendants will also need, at minimum, to issue written discovery requests in the form of contention interrogatories on each of these 22 incidents to determine the specific scope of the testimony that Plaintiffs may seek to elicit at trial in this matter. Finally, while Defendants may be amenable to adopting prior depositions of witnesses deposed in other cases under certain circumstances if disclosure/discovery is otherwise deemed appropriate, there may be additional or supplemental depositions needed of persons relevant to these cases depending on the scope of the issues alleged by Plaintiffs in this case, the nature of the testimony given in other cases, and any matters which may have changed or arisen since the original testimony of such persons.

Plaintiffs' statement that their proposal is similar to the one the City of Chicago has proposed in other cases is inaccurate and misleading. The City has not proposed a similar stipulation. Plaintiffs appear to be referring to general negotiations that went on between all counsel in a different case (or cases) that was never agreed upon.

Respectfully submitted,

[Signatures on following page]

/s/ Carter Grant
Steven A. Hart
Brian Eldridge
Carter Grant
John Marrese
Hart McLaughlin & Eldridge, LLC
One South Dearborn St, Ste 1400
Chicago, Illinois 60603
(312) 955-0545
shart@hmelegal.com
beldridge@hmelegal.com
cgrant@hmelegal.com
jmarrese@hmelegal.com

Antonio M. Romanucci
Bhavani Raveendran
Sam Harton
Patrick Driscoll
Romanucci & Blandin, LLC
321 N. Clark Street, Ste 900
Chicago, Illinois 60654
(312) 458-1000
aromanucci@rblaw.net
b.raveendran@rblaw.net
sharton@rblaw.net
PDriscoll@rblaw.net
*Attorneys for Plaintiff Mulero*

/s/ Joel A. Flaxman
Joel A. Flaxman
Kenneth N. Flaxman
Inaara Tajuddin
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com
*Attorneys for Plaintiff Mendoza*

/s/ Andrea Checkai
ANDREA CHECKAI
*One of the Attorneys for Defendant Guevara*

Steven B. Borkan
Timothy Scahill
Emily E. Schnidt
Whitney Hutchinson
Andrea Checkai
Borkan & Scahill, Ltd
20 S. Clark Street, Suite 1700
Chicago, IL 60603
Tel:(312)580-1030

/s/ Catherine Barber
CATHERINE BARBER
*One of the Attorneys for Defendant City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin Rahe
Andrew Grill
Lauren Ferrise
Rock Fusco & Connelly
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
Tel:(312)494-1000

/s/ John Timbo
JOHN TIMBO
*One of the Attorneys for Riccio, Gawrys, and Yannow as Special Representative of Halvorsen*

James G. Sotos
Josh M. Engquist
John Timbo
George Yamin
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Tel:(630)735-3300