**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MADELINE MENDOZA,** | ) | |
| | ) | **No. 23 CV 2441** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **CITY OF CHICAGO, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **MARILYN MULERO,** | ) | |
| | ) | **No. 23 CV 4795** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, *et al.*,** | ) | |
| | ) | **August 10, 2026** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiffs Madeline Mendoza and Marilyn Mulero bring this action against Defendants for causing their wrongful convictions for the 1992 murders of Jimmy Cruz and Hector Reyes. Before the court is Defendants' motion for leave to depose former First Assistant Cook County State's Attorney Risa Lanier. For the following reasons, the motion is granted:

## Background

Defendants previously moved for leave to depose former Cook County State's Attorney Kimberly Foxx in part to discover why the Cook County State's Attorney Office ("CCSAO") did not oppose Plaintiffs' petitions for post-conviction relief or for certificates of innocence ("COI"), which ultimately led the state court to grant the

petitions, vacating Plaintiffs' convictions and issuing COIs. (R. 163, CCSAO Mot. for Protective Order at 2.) While Plaintiffs correctly asserted that "Rule 30(b)(6) does not grant Defendants the discretion to pick and choose CCSAO's Rule 30(b)(6) designees," this court allowed Defendants to depose Foxx because CCSAO did not adequately prepare designees Carol Rogala (supervisor of CCSAO's special litigation group) or Adam Weber (author of CCSAO's protocol regarding Defendant Reynaldo Guevara) for the Rule 30(b)(6) deposition and questions remained unanswered. (R. 158, Sept. 8, 2025 Order.)

CCSAO then sought a protective order limiting the scope, duration, and means of recording Foxx's deposition, and this court set forth ground rules for the deposition. (See generally R. 178, Feb. 20, 2026 Mem. Op. and Order.) As to scope, the court permitted Defendants to question Foxx about Plaintiffs' post-conviction proceedings, including any CCSAO investigation into Plaintiffs' claims of innocence, conclusions reached based on such investigation, and policies or practices Foxx followed or directed in connection with the post-conviction proceedings or complaints about Guevara. (Id. at 2-6.) The court limited Defendants' questions to Foxx's "own involvement in the investigation, evaluation, and any decision-making process pertaining to Plaintiffs' petitions." (Id. at 6.) The court further rejected CCSAO's claims that the deliberative process privilege precludes Defendants from exploring certain topics. (Id.) Lastly, the court granted Defendants four hours to question Foxx during a video-recorded deposition. (Id. at 11-12.)

Defendants deposed Foxx on April 16, 2026, but they contend "the vast majority" of information they sought was "delegated to [Foxx's] then-First Assistant, Risa Lanier[,] who [] Foxx testified she entrusted to oversee the relevant actions of CCSAO." (R. 187, Defs.' Mot. at 1-2.) Defendants also assert that Foxx's testimony contradicted testimony provided by other CCSAO Rule 30(b)(6) witnesses. (Id. at 2.) As a result, they now seek leave to depose Lanier—a request that CCSAO does not oppose, (see id.), but to which Plaintiffs object, (see R. 192, Pls.' Resp. at 5-9).

**Analysis**

Defendants seek permission to depose Lanier "to fill in the gaps in testimony" that they sought to—but did not—obtain during Foxx's deposition. (R. 187, Defs.' Mot. at 1-2.) For instance, Defendants assert that Foxx did not provide "competent testimony" on issues such as CCSAO's decisions not to contest the vacating of Plaintiffs' convictions, discussions with the Exoneration Project about cases involving Guevara and the need to prioritize evaluations of the same, and decisions to stop investigating Plaintiffs. (Id. at 5-10.) Although CCSAO does not oppose the motion, (see id. at 2), Plaintiffs object to the motion on grounds that the court already found that Foxx's deposition completes CCSAO's Rule 30(b)(6) obligations, Defendants failed to act diligently in seeking Lanier's deposition, and the information sought from Lanier is not relevant or proportional to the needs of the case, (see generally R. 192, Pls.' Resp.).

To start, Plaintiffs argue that Defendants opted to depose Foxx instead of conducting another Rule 30(b)(6) deposition of CCSAO and must now accept "the

consequences of that choice." (R. 192, Pls.' Resp. at 1-2.) For support they refer to the court's prior admonition that if Defendants chose to depose Foxx, such deposition would remedy "all outstanding Rule 30(b)(6) issues they have with CCSAO." (Id. at 1 (quoting R. 158, Sept. 8, 2025 Order); see also R. 158 ("[W]here Defendants did nothing wrong and a third-party respondent failed to adequately prepare its designees, this court could impose sanctions on CCSAO and require it to produce another designee who can answer the questions—presumably only after conferring with Foxx—or allow Defendants to cut out the middleman and depose Foxx. The latter approach appears to be more efficient and in line with the objectives of Rule 1.").) Plaintiffs' objection is overruled.

Even though CCSAO Rule 30(b)(6) designees Rogala and Weber pointed to Foxx as the person with the knowledge Defendants seek—namely, details relating to Plaintiffs' claims of innocence and any investigation or conclusions relating thereto—Foxx testified at her deposition that Lanier in fact oversaw the relevant actions. (See R. 187, Defs.' Mot. at 1-2.) Given this development, which was unbeknown to the court, its prior admonition that "the deposition of Foxx remedies all outstanding Rule 30(b)(6) issues" with CCSAO does not apply because relevant questions remain unanswered. (R. 158, Sept. 8, 2025 Order.)

Plaintiffs next assert that after numerous fact discovery extensions relating to non-*Monell* claims, (see R. 192, Pls.' Resp. at 2-3 (citing R. 32; R. 34; R. 51; R. 70; R. 73; R. 84; R. 100; R. 107; R. 119; R. 120; R. 125; R. 143; R. 150)), Defendants failed to act with any sense of urgency in seeking Lanier's deposition and therefore should

be foreclosed from taking another Rule 30(b)(6) deposition, (see id. at 4). To bolster their argument, Plaintiffs point to the fact that "42 days after [Foxx's] deposition . . . defense counsel stated for the first time that they sought to take *another* deposition of a CCSAO witness on the same tangential issues." (Id. at 4 (emphasis in original).) But Defendants raised the issue of deposing Lanier at the first opportunity when the need became clear—the next scheduled hearing before this court on May 28, 2026—and the court granted Defendants' request to move for leave to depose Lanier. (See R. 186.) As such, the court also overrules this objection.

Plaintiffs further assert that the information Defendants seek from Lanier is irrelevant and disproportional to the needs of the case. (R. 192, Pls.' Resp. at 5-9.) In considering these issues, Plaintiffs urge this court to apply a more stringent motion for reconsideration standard, permitting Defendants' request only if they can show that "manifest errors of law or fact" need to be corrected or considered. (Id. at 4-5 (citing *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (internal citation and quotation omitted)).) The court declines to accept Plaintiffs' invitation because, as discussed, the court was not aware that Foxx had delegated the relevant actions to Lanier. Thus, the motion presented is not one for reconsideration.

As to relevance, Plaintiffs argue that Defendants do not need answers to the questions they want to ask Lanier, such as "who reviewed the [post-conviction] cases [involving Plaintiffs], what the reviews specifically entailed, or who made the respective recommendations," because Foxx confirmed that "all post-conviction cases

were investigated" and what remains is only "arguably relevant." (See id. at 5-6.) But the court agrees with Defendants that it seems "obvious" that Plaintiffs wish to offer evidence at trial regarding their post-conviction proceedings, including the vacating of their convictions and their claims of innocence, (R. 187, Defs.' Mot. at 10), and if that is the case, Defendants are entitled to discover the context surrounding those claims. In other words, if Plaintiffs intend to "flaunt" evidence at trial showing that CCSAO dismissed charges against them or that the state court entered COIs in their favor, Defendants should be permitted to probe the circumstances that led the prosecutor to pursue a *nolle prosequi* and not to contest the COIs. (Id. at 12.) The relevance objection is therefore overruled.

This ruling should not come as a surprise given that this court granted Defendants leave to depose CCSAO and Foxx regarding these same issues. (See generally R. 119, April 9, 2025 Order; R. 178, Feb. 20, 2026 Mem. Op. and Order.) Plaintiffs seem to concede as much, as they acknowledge that "some discovery on the circumstances surrounding that process *may* be appropriate, and some evidence surrounding the process *may* be admitted at trial." (R. 192, Pls.' Resp. at 6 (emphasis in original).) In so ruling, the court renders no evidentiary admissibility determinations. *See* 28 U.S.C. § 636(b)(1)(A).

Finally, Plaintiffs suggest in conclusory fashion that the information Defendants seek is not proportional to the needs of the case, (see R. 192, Pls.' Resp. at 6), but this court has already defined the scope of what information is proportional,

(see R. 178, Feb. 20, 2026 Mem. Op. and Order at 3-6). Accordingly, this objection is overruled, and Defendants are granted leave to depose Lanier.

In terms of the deposition protocol, Defendants represent that when deposing Lanier they "will abide by the same limitations imposed by this Court in both subject matter and time limits imposed" for Foxx's deposition. (R. 187, Defs.' Mot. at 10.) The court accepts their representation. Although Defendants do not indicate whether they plan to video record the deposition, the court rules they may do so, provided that they comply with the limitations previously imposed. (See R. 178, Feb. 20, 2026 Mem. Op. and Order at 11-12.)

**Conclusion**

For the foregoing reasons, Defendants' motion for leave to depose Lanier is granted.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**