IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Madeline Mendoza, | ) | |
| | ) | No. 23-cv-2441 |
| *Plaintiff,* | ) | |
| | ) | *(Judge Durkin)* |
| *-vs-* | ) | |
| | ) | *(Magistrate Judge Kim)* |
| City of Chicago, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |
| Marilyn Mulero, | ) | |
| | ) | No. 23-cv-4795 |
| *Plaintiff,* | ) | |
| | ) | *(Judge Durkin)* |
| *-vs-* | ) | |
| | ) | *(Magistrate Judge Kim)* |
| Reynaldo Guevara, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |

# OBJECTIONS TO ORDER OF AUGUST 10, 2026 (ECF No. 197)

Plaintiffs, by counsel and pursuant to Federal Rule of Civil Procedure 72, file the following objections to the Magistrate Judge's Order of August 10, 2026. (ECF No. 197, attached as Exhibit 1.)

As explained below, the Magistrate Judge committed an error of law when he concluded that this Court will permit plaintiffs "to 'flaunt' evidence at trial" about the dismissal of their criminal prosecutions in state court and about the state court's subsequent granting of certificates of innocence to plaintiffs. (ECF No. 197 at 6.) This Court, which controls the presentation

of evidence at trial, will not allow any "flaunting" of this evidence because doing so would be contrary to the decision of the Seventh Circuit in *Patrick v. City of Chicago*, 974 F.3d 824, 932-33 (7th Cir. 2020).

Based on this error of law, the Magistrate Judge authorized additional discovery into "the vacating of Plaintiffs' convictions, discussions with the Exoneration Project about cases involving Guevara and the need to prioritize evaluations of the case, and decisions to stop investigating Plaintiffs." (ECF No. 107 at 3.) None of this evidence will be admissible at trial. Nor will it lead to admissible evidence. Plaintiffs therefore request that the Court set aside the Magistrate Judge's Order of August 10, 2026 because it is contrary to law. The Court should prohibit further discovery on these irrelevant and collateral matters.

## I. Background

Plaintiffs Marilyn Mulero and Madeline Mendoza each served a lengthy prison sentence following a police investigation conducted by former Chicago police detectives Reynaldo Guevara and Ernest Halvorsen. As more and more evidence of the misconduct of these officers came to light, convictions secured by the officers have been vacated by the Circuit Court of Cook County. These former police officers are and have been defendants in more than 45 civil cases in this district, each arising from a criminal conviction allegedly caused by police misconduct.

Plaintiffs are among those exonerated. Both plaintiffs sought post-conviction relief by filing voluminous petitions in the Circuit Court of Cook County—with exhibits, Mulero's initial filing was 639 pages long. Circuit Court Judge Alfredo Maldonado granted relief to Mulero on August 9, 2022, and to Mendoza on January 3, 2023. In each case, the State did not oppose the request, and dismissed the charges after the convictions were vacated.

Mulero and Mendoza then each sought a "certificate of innocence" pursuant to 735 ILCS 5/2-702. In such proceedings, the Illinois Attorney General and the State's Attorney "have the right to intervene as parties." 735 ILCS 5/2-702(e). Neither office intervened, and Presiding Judge Erica Reddick granted Plaintiffs' respective petitions in oral rulings in which she discussed the evidence and thoroughly explained her findings that Plaintiffs satisfied 735 ILCS 5/2-702. Plaintiffs filed transcripts of Judge Reddick's rulings as ECF 192-1 and 192-2.

Plaintiffs bring federal and state law claims in their separate lawsuits, alleging that Halverson, Guevara, and other officers caused their wrongful convictions. One of the state law claims is malicious prosecution. Because the charges were dismissed by *nolle prosequi*, Illinois law requires evidence that the criminal case resulted in a favorable termination on grounds of innocence. *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238, 1243 (1996).

As the Illinois Supreme Court recently explained, "[t]o support a malicious prosecution claim, the circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal charge." *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 109. The Illinois Supreme Court in *Beaman* held that this element is an objective test that was satisfied based on evidence of innocence. *Id.* ¶ 110.

In *Patrick v. City of Chicago*, 974 F.3d 824 (7th Cir. 2020), the Seventh Circuit held that an Illinois "certificate of innocence" is "directly probative" of the favorable termination required by Illinois law. The Court explained the certificate in *Coleman v. City of Peoria*, 925 F.3d 336 (7th Cir. 2019):

> If an Illinois conviction is reversed or vacated, the previously convicted individual may petition for a "certificate of innocence." 735 ILCS 5/2-702(b) (2014). If granted, such a certificate constitutes a judicial "finding that the petitioner was innocent of all offenses for which he or she was incarcerated" and sets in motion a process to expunge the matter from the petitioner's record. 735 ILCS 5/2-702(h) (2014).

*Id.* at 344 n.9.

The Court of Appeals in *Patrick* acknowledged that "introducing a certificate of innocence as evidence in a civil-rights suit may risk confusing the issue." *Patrick*, 974 F.3d at 833. The Court commended the "specific cautionary instruction" given by then-District Judge St. Eve in *Harris v. City of Chicago*, 2018 WL 2183992, at *5 (N.D. Ill. May 11, 2018).

Following *Patrick*, district courts have uniformly rejected efforts by exonerees to use evidence of the issuance of a certificate of innocence as "legal, conclusive proof of factual innocence." *Blackmon v. City of Chicago*, No. 19-cv-767, 2025 WL 2848411, at *10–11 (N.D. Ill. Aug. 4, 2025). In a recent trial involving defendant Guevara, Judge Daniel followed *Patrick* and instructed the jury as follows:

> You have heard evidence that Plaintiff Jaime Rios was awarded a Certificate of Innocence in the State court. You may consider the Certificate of Innocence only for the purpose of deciding whether the plaintiff has met his burden of proof with respect to his malicious prosecution claim.
>
> The State court's decision to issue a Certificate of Innocence is not binding on you in this case. The State court may not have had the same evidence before it that has been presented to you in this case. You have listened to and heard all the evidence in this case and are to decide this case, including, to the extent necessary, the plaintiff's innocence or guilt with respect to the underlying criminal case, based on the evidence you heard in this case and this case alone.
>
> Further, the State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether the plaintiff's constitutional rights were violated or whether the defendants engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issues of whether the plaintiff's confession was false, fabricated, or coerced; whether Defendant Reynaldo Guevara fabricated or concealed any evidence; or whether Defendant Reynaldo Guevara maliciously prosecuted the plaintiff. These are issues for you alone to decide.

(Exhibit 2, Instruction No. 26 in *Rios v. Guevara*, 22-cv-3973; available at ECF No. 332 in 22-cv-3973.)

Plaintiffs are mindful of *Patrick* and will limit their use of the certificates of innocence accordingly. Nevertheless, defendants continue to seek discovery on the process that led to dismissal of plaintiffs' criminal charges and the granting of certificates of innocence. Defendants apparently intend to argue that purported flaws in the process show that the criminal proceedings against plaintiff were not terminated favorably.

The Magistrate Judge has allowed discovery on this issue for more than a year after the close of fact discovery. The time has come to stop this waste of resources. Plaintiffs do not intend to "flaunt" the certificates as evidence of innocence, and there is no risk that this Court will disregard Patrick and permit such conduct.

## II. Proceedings Before the Magistrate Judge

Defendants began their inquiry into the certificates of innocence by serving a Rule 30(b)(6) deposition notice on the State's Attorney of Cook County on January 31, 2025, one month before the original closing date for fact discovery. (ECF No. 105-2.) The notice requested information about the policies of State's Attorney in defending the post-conviction petitions filed by plaintiffs, communications with the attorneys representing plaintiffs in post-conviction proceedings, and about the "Guevara Case Review Protocol" applied by plaintiffs. (ECF No. 105-2 at 5.) Plaintiffs described this discovery as a "fishing expedition" and opposed extending the time to

complete fact discovery. (ECF No. 105 at 2.) The Magistrate ruled on April 8, 2025, that the Rule 30(b)(6) deposition could go ahead on some of the topics proposed by defendants, limited to information about the plaintiffs. (ECF No. 119.)

On September 2, 2025, after completing the deposition of two Rule 30(b)(6) witnesses designated by the State's Attorney's Office, defendants sought to take an additional out-of-time deposition, this time of former Cook County State's Attorney Kimberly Foxx. (Doc. 154.) The Magistrate Judge granted defendants' request, finding that the Rule 30(b)(6) deponents were not sufficiently prepared to testify on the noticed topics and held as follows:

> this court could impose sanctions on CCSAO and require it to produce another designee who can answer the questions – presumably only after conferring with Foxx – or allow Defendants to cut out the middleman and depose Foxx. The latter approach appears to be more efficient and in line with the objectives of Rule 1. As such, the court grants Defendants leave to depose Foxx by September 30, 2025. *But if Defendants opt for this latter option, the deposition of Foxx remedies all outstanding Rule 30(b)(6) issues they have with CCSAO.*

(ECF No. 158) (emphasis added.) Defendants opted for the latter option, and on April 16, 2026, they deposed Cook State's Attorney Kimberly Foxx.

Following the deposition of Ms. Foxx, defendants asked the Magistrate Judge to authorize the deposition of Risa Lanier, the former First Assistant State's Attorney. (ECF No. 187.) Plaintiffs opposed this request (ECF No. 192), but the Magistrate Judge overruled plaintiffs'

objections and granted the motion on August 10, 2026. (ECF No. 197, attached as Exhibit 1.)

The Magistrate Judge chose not to enforce his previous order that Ms. Foxx's deposition would remedy all outstanding Rule 30(b)(6) issues, excused defendants' decision to wait 42 days before requesting this additional deposition, and ruled that the deposition was appropriate because "Plaintiffs intend to 'flaunt' evidence at trial showing that CCSAO dismissed charges against them or that the state court entered COIs in their favor." (ECF No. 197 at 6.) The Court should set aside this order.

### III. The Court Should Set Aside the Magistrate Judge's Ruling

More than 18 months have elapsed since defendants began their quest to find extrinsic evidence to support a challenge to the decisions of judges of the Circuit Court of Cook County to vacate plaintiffs' convictions and grant each a certificate of innocence. None of this evidence will be admissible at trial unless the Court departs from the clear instructions of the Seventh Circuit in *Patrick* and permits plaintiffs to make improper arguments about the certificates of innocence.

The Seventh Circuit held in *Patrick* that "the certificate of innocence was directly probative on an element of Patrick's [state law] malicious-prosecution claim, and the judge appropriately instructed the jury to limit

the risk of unfair prejudice or jury confusion." *Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020). The Magistrate Judge erred when it found that this Court will ignore *Patrick* by allowing plaintiffs to "flaunt" this evidence. (ECF No. 197 at 6.) On the contrary, plaintiffs will abide by the rule of *Patrick*, and plaintiffs are confident that the Court will also follow *Patrick*.

The Court should set aside the Magistrate Judge's ruling. Defendants have been afforded more than enough leeway to take discovery on these irrelevant and collateral matters.

Respectfully submitted,

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
Inaara Tajuddin
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff Mendoza*

/s/ Carter Grant
Steven A. Hart
Brian Eldridge
Carter Grant
John Marrese
Hart McLaughlin & Eldridge, LLC
One South Dearborn St, Ste 1400
Chicago, Illinois 60603
Tel: (312) 955-0545

Antonio M. Romanucci

Romanucci & Blandin, LLC
321 N. Clark Street, Ste 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
*attorneys for plaintiff Mulero*