**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MADELINE MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, et al.,<br><br>Defendants. | ) | Case No. 23-cv-2441 |
| MARILYN MULERO,<br><br>Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, et al.,<br><br>Defendants. | ) | Case No. 23-cv-4795 |

**DEFENDANTS RESPONSE TO PLAINTIFFS' FED. R. CIV. P. 72 OBJECTIONS TO AUGUST 10, 2026 ORDER OF MAGISTRATE JUDGE KIM**

NOW COME Defendants, by and through their undersigned attorneys, and responding to Plaintiffs' Objections To Order Of August 10, 2026 (ECF No. 197), state as follows:

## INTRODUCTION

Plaintiffs' Rule 72 challenge to Judge Kim's discovery ruling is completely baseless in every respect. Plaintiffs' object to Judge Kim's ruling that permits Defendants to dispose former First Assistant State's Attorney Risa Lanier, to fulfill the timely request to Cook County State's Attorney's Office ("CCSAO") to present a witness under Fed. R. Civ. P. 30(b)(6) who could testify about various polices, practices and investigation into Plaintiffs' underlying post-conviction relief, including both the processes that produced the vacating of their convictions and their subsequent award of Certificates

of Innocence ("COIs"). *See* Dckt. No. 197. Notably, CCSAO itself does not challenge this Order and, in fact, CCSAO has been quite diligent and compliant in responding to and facilitating this discovery (including, importantly, not opposing the deposition of Ms. Lanier at issue here and agreeing to facilitate same).

Plaintiffs never challenged Judge Kim's prior rulings that Defendants were entitled to policy/practice/investigation from CCSAO in general or that Defendants could depose former Cook County State's Attorney Kim Foxx. *See* Dckt. Nos. 119, 178. Nonetheless, despite not challenging any of the prior orders of Judge Kim allowing this category of discovery to proceed, Plaintiffs now challenge Judge Kim's ruling that Defendants be permitted to finally close the loop on this discovery to address issues that none of the other CCSAO deponents could answer and that Foxx indicated Lanier would know. *See* Dckt. No. 201.

Plaintiffs' Objection cites no case law or other authority supporting the relief sought nor any authority for the proposition that Judge Kim committed an error of law in his discovery ruling. *See* Dckt. No. 201 at 1. Plaintiffs misrepresent that Judge Kim ruled *this Court* would impermissibly permit Plaintiffs to "flaunt" their COIs at trial in violation of (what they incorrectly claim are) the standards for admissibility set forth in *Patrick v. City of Chicago*, 974 F.3d 824, 932-33 (7th Cir. 2020). *Id.* at 1 ("As explained below, the Magistrate Judge committed an error of law when he concluded that this Court will permit plaintiffs "to 'flaunt' evidence at trial" about the dismissal of their criminal prosecutions in state court and about the state court's subsequent granting of certificates of innocence to plaintiffs."). Plaintiffs also argue without legal support that "[n]one of this evidence will be admissible at trial unless the Court departs from the clear instructions of the Seventh Circuit in *Patrick*." *Id.* at 8-9. Plaintiffs also lodge arguments about Judge Kim giving Defendants too much leeway in conducting CCSAO discovery but do not support these accusations with any authority suggesting that Judge Kim violated any well-established law. *Id.* Their objection to Judge Kim's decision permitting the deposition of Lanier should be overruled.

## LEGAL STANDARD

"Typical nondispositive discovery orders fall under Rule 72(a), and, therefore, the magistrate judge's decision is overturned only if it is 'clearly erroneous or contrary to law.'" *Feit Electric Co., Inc. v. CFL Technologies, LLC*, 2025 WL 2987084, at *2–3 (N.D.Ill., 2025); *Nance v. City of Elgin*, 2010 WL 2757164, at *1 (N.D. Ill. 2010). This standard is "a high hurdle for those seeking to set aside magistrate judge orders on non-dispositive issues" because "the purpose for referral of such matters to magistrate judges would be thwarted if parties were entitled to de novo review and a second chance to argue discovery disputes already decided." *Catapult Commc'ns Corp. v. Foster*, 2010 WL 3951967, at *1 (N.D. Ill. 2010). A decision is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, 2022 WL 2674066, at *1 (N.D. Ill. M2022).

A decision by a magistrate judge is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fish v. Hennessy*, 2012 WL 3643829, at *2 (N.D. Ill. 2012). "When performing clear error review, the district court should not overturn a decision by the magistrate judge merely because the district judge would have independently come to a different conclusion from the one reached by the magistrate judge on the same set of facts." *Feit Electric Co., Inc.*, 2025 WL 2987084, at *2–3. This standard has been, rather colorfully described by the Seventh Circuit as a ruling that "strikes [the court] as wrong with the force of a 5 week old, unrefrigerated, dead fish." *Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

## RELAVANT FACTUAL BACKGROUND

Defendants provide a brief summary of the facts. A more comprehensive discussion of the circumstances leading to this are contained within Defendants' Motion to Depose Risa Lanier, which is hereby incorporated by reference. *See* Dckt. No. 187 at 3-10.

Plaintiffs alleged they were wrongfully convicted and alleged, among other things, claims for malicious prosecution. *Id.* In support of such claims, Plaintiffs have confirmed that they will seek to admit at trial their award of an Illinois state court Certificate of Innocence as well as evidence that their convictions were vacated under the administration of former Cook County State's Attorney Kimberly Foxx and her First Assistant Risa Lanier. *See* Dckt. No. 201 at 6. As a result, Defendants sought discovery from the Cook County State's Attorney's Office ("CCSAO") regarding the processes, policies, and investigation(s) that lead to the vacating of these convictions as well as the award of COIs (which CCSAO did not contest and, thus, were summarily granted). *See* Dckt. No. 187 at 3-10. This was done via a notice sent via Fed. R. Evid. 30(b)(6) to the CCSAO. The CCSAO produced a number of employees to testify about these topics, ultimately culminating in the deposition of former State's Attorney Foxx herself. *Id.* CCSAO's designees testified that Ms. Foxx was the person with knowledge of the process and decision-making leading to the CCSAO's positions on Plaintiffs' post-conviction and COI policies, but when deposed, Ms. Foxx testified that she relied on Ms. Lanier and did not have the full information. *Id.* This culminated in Defendants filing a motion for leave to depose Ms. Lanier (which CCSAO did not oppose and, in fact, agreed to assist facilitating). *Id.*

Plaintiffs opposed Ms. Lanier's deposition, but Judge Kim granted Defendants motion. *See* Dckt. No. 197. In pertinent part, Judge Kim held that: (1) Ms. Foxx's inability to testify as to certain Rule 30(b)(6) topics, supported the deposition of Ms. Lanier, whom Ms. Foxx testified was the actual person who could provide this information; and (2) that because Plaintiffs intended to introduce evidence of their COIs and vacating of their convictions at trial, then Defendants should be able "to probe the circumstances that led the prosecutor to pursue a *nolle prosequii* and not contest the COIs" (*id.* at 5).

## ARGUMENT

Judge Kim's August 10, 2026 ruling was not in error, much less with "the force of a 5 week old, unrefrigerated, dead fish." *Industries, Inc.*, 249 F.3d at 627. Far from it. Judge Kim's ruling was *not* legally erroneous but in fact, fully consistent with caselaw.

First, the crux of Plaintiffs' argument is that Judge Kim held that *this Court* would impermissibly permit Plaintiffs to "flaunt" their COIs at trial in violation of the standards for admissibility set forth in *Patrick v. City of Chicago*, 974 F.3d 824, 932-33 (7th Cir. 2020). *Id.* at 1. This simply did not happen and, quite frankly, this is a nonsensical thing to argue. No part of Judge Kim's ruling purported to address the admissibility of evidence at trial. *See* Dckt. No. 197. Nor could Judge Kim bind this Court to admissibility rulings even were he so inclined. This Court has, unsurprisingly, not referred this case to Judge Kim for the purpose of pre-trial evidentiary rulings.

Second, Plaintiffs appear to argue that the process which CCSAO followed in making decisions about the vacating of convictions/not contesting COIs is not admissible under *Patrick*. *See* Dckt. No. 201 at 8 ("None of this evidence will be admissible at trial unless the Court departs from the clear instructions of the Seventh Circuit in Patrick and permits plaintiffs to make improper arguments about the certificates of innocence."). Admissibility is not the issue here. This is a discovery ruling. However, it bears noting that this assertion is just flat out wrong. *Patrick* most certainly did not hold (or even suggest) that evidence about the process/investigation CCSAO followed prior to vacating a conviction or deciding not to contest a COI was inadmissible. *Patrick*, 974 F.3d 932-33. The holding in *Patrick* was limited exclusively to whether introduction of the COI was appropriate in the first place; it did not address (much less hold) that the defendants could not attack the process which produced it. *Id.*

To this end, the courts have repeatedly held that, if a plaintiff chooses to introduce a vacated conviction or a COI, a defendant must be permitted to attack the procedures and evidence relied on to procure these events. *See Blackmon v. City of Chicago*, 2025 WL 2848411, at *11 (N.D. Ill. 2025)

("Admission of the COI would necessarily entail evidence and testimony about the certificate of innocence process, who participated in that process, 11 and the considerations required by the judge who issued it. In response, Defendants would surely seek to establish that they had no ability to challenge whether the COI should issue. If Plaintiff can introduce the COI, Defendants will be able to substantively attack it, lengthening the proceedings on a side issue."); *Brown v. City of Chicago*, 2024 WL 5438519, at *16 (N.D. Ill. 2024) ("If Plaintiff can introduce the COI, Defendants will be able to attack it, lengthening the proceedings on a side issue."); *Wrice v. Byrne*, 488 F.Supp.3d 646, 663 (N.D. Ill. 2020) ("The Court reiterates its finding that it was important for the jury to know why, despite his 100-year prison sentence, Wrice was before them presenting his claims…At the very least, the jury was entitled to know about the procedural path the case took on the way to this courtroom.").

Third, insofar as Plaintiffs argue that somehow Judge Kim gave Defendants too much leeway in conducting this discovery in the first place, this also falls flat. *See* Dckt. No. 201 at 8 ("Defendants have been afforded more than enough leeway to take discovery on these irrelevant and collateral matters."). Once again, Plaintiffs cite zero authority supporting this contention which itself requires that this Objection be overruled. *See Yusuf v. City, et al.*, 2026 WL 2690118, at *3 (N.D. Ill. 2026) ("The law is absolutely clear that 'perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived.'"). And, again, Plaintiffs did not even seek this Court's review of any of Judge Kim's rulings permitting this discovery to proceed. *See* Dckt. Nos. 119, 178.

More importantly, Plaintiffs are wrong. Discovery from CCSAO in reversed-conviction cases is a common part of the discovery process and routinely permitted even in cases where CCSAO objects (which, in this case, they have not). *See DeLeon-Reyes v. Guevara,* 2021 WL 3109662, at *5-6 (N.D. Ill. 2021) (allowing CCSAO discovery and finding CCSAO waived deliberative process privilege by discussing publicly reasons case was vacated pursuant to *nolle prosequi*); *Williams v. City of Chicago,* 2023 WL 6213716, *6 (N.D. Ill. 2023) (same); *Patrick v. City of Chicago*, 111 F.Supp.3d 909, 915 (N.D. Ill., 2015); *Hill v. City of Chicago*, 2015 WL 12844948, at *3 (N.D. Ill. 2015); *Simon v. Northwestern*

*University*, 259 F.Supp.3d 848, 857 (N.D. Ill. 2017); *Fulton v. City of Chicago*, et al., No. 17-cv-08696, Dckt. No. 293 at 13-14, 17-18 (same where prosecutors publicly discussed the rationale for decisions to first seek a retrial and then move to dismiss); *Howard v. City of Chicago,* 2006 WL 2331096, *8 (N.D.Ill. 2006) (same as to gubernatorial pardon).

WHEREFORE Defendants pray this Court overrule Plaintiffs' Objections to Docket No. 197 and for whatever other relief this Court deems fit.

Respectfully submitted,

By: /s/ Timothy P. Scahill
Timothy P. Scahill
Special Assistant Corporation Counsel

Steven B. Borkan
Timothy P. Scahill
Andrea F. Checkai
Whitney N. Hutchinson
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
*Counsel for Reynaldo Guevara*

/s/ Josh M. Engquist
Josh M. Engquist
Special Assistant Corporation Counsel

Josh M. Engquist
Caroline P. Golden
David A. Brueggen
Jeffrey R. Kivetz
Kyle T. Christie
Allison L. Romelfanger
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
*Counsel for Individual Defendants*

/s/ Eileen E. Rosen
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Lauren Ferrise
Rock, Fusco, & Connelly
333 W. Wacker, 19th Floor
Chicago, Illinois 60606

*Counsel for Defendant City of Chicago*